JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02640-DOC-DFM    Date: December 9, 2025

Title: Valentina F. Correa et al v. General Motors LLC et al

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

| Maria Barr for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

**I.    Background**

Plaintiffs Valentina F. Correa and Ronald M. Correa ("Plaintiffs") asserted causes of action against Defendants General Motors LLC "(Defendant") and Does 1 through 10 under the Song-Beverly Consumer Warranty Act for breach of express warranty, breach of the implied warranty of merchantability, and violation of California Civil Code section 1793.2(b) regarding the purchase of a 2024 Chevrolet Blazer. *See generally* Complaint ("Compl.") (Dkt. 1-1).

Plaintiffs originally filed suit in the Superior Court of California, County of Orange, on October 21, 2025. Notice of Removal ("Notice" or "Not.") (Dkt. 1) at 1. On November 21, 2025 Defendant filed its Answer in state court. *Id*. Then on November 24, 2025, Defendant removed the case to this Court. *Id*.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02640-DOC-DFM　　　　　　　　　　　　　　　　　　Date: December 9, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

## II.　　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v.*

Case 8:25-cv-02640-DOC-DFM Document 13 Filed 12/09/25 Page 3 of 5 Page ID #:61

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02640-DOC-DFM　　　　　　　　　　　　　　　Date: December 9, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

*Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

　　　While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

　　　If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.　Discussion

　　　Here, Plaintiff does not expressly allege an amount in controversy over $75,000. *See generally* FAC. Accordingly, Defendant must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

　　　Defendant has not met its burden to show that the amount in controversy requirement is satisfied. Defendant asserts that the Complaint plausibly states an amount in controversy over $75,000 based on actual damages plus civil penalties and attorneys' fees. Not. at 4-6. However, Defendant also asserts that Plaintiffs' actual damages should

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02640-DOC-DFM　　　　　　　　　　　　　　　　　　Date: December 9, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

be $58,535.04 which is the value of the vehicle less estimates for statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity. Not. at 5.[1] This amount is below the $75,000 amount in controversy jurisdictional threshold required for diversity.

The Court will not include speculative civil penalties or attorneys' fees when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy."). Therefore, Defendant has only shown damages of $58,535.04. Because Defendant has not satisfied its burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[2] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is over 100% (*i.e.*, prices have more than doubled). Thus, adjusted for inflation, the amount in controversy should be over $150,000 today. Stated conversely, a case worth $75,000 in 1996 is worth less than $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

---

[1] Without these deductions, the value of the car is still $60,557.28 which is its purchase price. Not. at 5.
[2] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02640-DOC-DFM | Date: December 9, 2025 |
| | Page 5 |

## IV.  Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: mba |
| CIVIL-GEN | |